UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DEXTER RODNEY, | : | |
| Petitioner | : | No. 4:CV-08-1386 |
| | : | |
| vs. | : | (Petition Filed 7/24/08) |
| | : | |
| | : | (Judge Muir) |
| MICHAEL MUKASEY, | : | |
| Attorney General, et al., | : | |
| | : | |
| Respondents | : | |

## ORDER

February 20, 2009

Petitioner, a detainee of the Department of Homeland
Security ("DHS"), currently confined in the Pike County
Correctional Facility, Lords Valley, Pennsylvania, filed the
above captioned petition for writ of habeas corpus pursuant to
28 U.S.C. § 2241.  Rodney challenges his continued detention by
the DHS.  Because petitioner's ninety day removal period has yet
to commence, the petition will be dismissed as premature.

## I.     Background

Petitioner, a native and citizen of Guyana, entered the
United States on or about February 27, 1996, as a lawful
permanent resident alien. (Doc. 1, petition).

On February 11, 2004, following a jury trial, petitioner was convicted in the United States District Court for the Southern District of New York of bank fraud and theft of government property.   (Doc. 10-4, Ex. 1, <u>United States v. Rodney</u>, 1:03-cr-0819-SWK-1, criminal docket sheet at p. 2).

On May 14, 2004 petitioner was sentenced to a concurrent five (5) month term of imprisonment and a three (3) year term of supervised release, which included a five (5) month term of home confinement.   <u>Id</u>.

On March 21, 2005, the United States Court of Appeals for the Second Circuit affirmed petitioner's conviction, but remanded the case pursuant to <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), because the district court "treated the federal Sentencing Guidelines as mandatory." (Doc. 10-6, Ex. 3, <u>United States v. Rodney</u>, 124 Fed.Appx. 67, 68 (2d Cir. 2005).

On April 14, 2005, petitioner's probation officer notified the district court that petitioner had violated the terms of his supervised release.   (Doc. 10-4, Ex. 1, <u>United States v. Rodney</u>, 1:03-cr-0819-SWK-1, docket sheet at pp. 7-8).

On August 15, 2005, Rodney was resentenced in accordance with the remand from the Second Circuit.   <u>Id</u>. at p. 10.   In

addition to his sentence, petitioner was found guilty of violating the terms of his supervised release and was sentenced to an additional year of supervised release, in addition to the term he was currently serving.  Id. Rodney's term of supervised release was, therefore determined to expire on July 8, 2008, instead of July 8, 2007.  Id.

On November 9, 2006, petitioner was sentenced to an eight month term of imprisonment for again violating the terms of his supervised release.  Id. at p. 12.  Petitioner surrendered on November 13, 2006, id., and his sentence expired on July 12, 2007.

In a Notice to Appear dated July 12, 2007, petitioner was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M)(i)[1], at any time after admission. (Doc. 1).  The Notice to Appear was based on petitioner's 2004 bank fraud conviction Id.  That same day, DHS took Rodney into custody, pending a final determination of his

---

[1]An aggravated felony is defined, in pertinent part, in 8 U.S.C. § 1101(a)(43)(M)(i) as "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."

case by the immigration judge. (Doc. 2, Ex. C, Notice of Custody Determination).

By Order dated November 6, 2007, an Immigration Judge found petitioner removable as charged. (Doc. 10-7, Oral Decision of Immigration Judge). On November 26, 2007, Petitioner filed a timely appeal to the Board of Immigration Appeals ("BIA"). (Doc. 1, petition).

On March 6, 2008, finding that Rodney established a claim of ineffective assistance of counsel, in counsel's failure to challenge Rodney's removability based on the aggravated felony listed in the Notice to Appear, the BIA vacated the Immigration Judge's November 6, 2007 decision and remanded the action to the Immigration Judge for further proceedings. (Doc. 10-8, Ex. 5, BIA Decision).

On April 11, 2008, the Immigration Judge held that the DHS failed to establish the charge of removability by clear and convincing evidence in that it failed to establish a loss in excess of $10,000. (Doc. 2, Ex. B, Ruling on Aggravated Felony and Order of Immigration Judge). As a result, the Immigration Judge dismissed the aggravated felony ground of removal, and terminated the removal proceedings. Id.

4

On May 6, 2008, the government filed an appeal to the BIA. (Doc. 1, petition).

On July 28, 2008, the BIA sustained the government's appeal and found that the DHS had established the charge of removability by clear and convincing evidence. (Doc. 10-9, Ex. 6, BIA Decision). The BIA then remanded the matter back to the Immigration Judge for further proceedings in accordance with the BIA's decision, and entry of a new decision. Id.

On September 8, 2008, petitioner's case was scheduled to be heard by the Immigration Court for the first time since remand from the BIA. (Doc. 10-10, Ex. 7, Declaration of Susan B. Sheehan, Associate General Counsel for the U.S. Dept. of Justice, Executive Office for Immigration Review ("EOIR"), at ¶ 4). However, because petitioner's attorney failed to appear, the matter was adjourned until September 16, 2008. Id.

On September 16, 2008, petitioner's case was again adjourned to October 7, 2008, to allow his attorney to file a Form I-589 Application of Withholding of Removal (8 U.S.C. § 1231(b)(3)(4)(A)) and relief under Article III of the United Nations Convention Against Torture (8 C.F.R. § 1208.16, et seq.)(CAT). Id. at ¶ 5.

5

On October 7, 2008, petitioner's attorney requested and obtained an adjournment of two additional weeks to file petitioner's Form I-589.  Id. at ¶ 6.

On October 28, 2008, the Immigration Court conducted a hearing on petitioner's applications for Withholding of Removal and Relief pursuant to CAT.[2]  The Immigration Judge denied petitioner's applications and ordered petitioner removed.

On November 28, 2008, petitioner filed an appeal to the BIA, which is currently pending.

## II.   **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) specifically provides:  The removal period begins to run on the latest of then following:

---

[2]The record only contains documentation through October 7, 2008.  All record information after October 7, 2008, was obtained by the Court through use of the Immigration Court Information System, provided by the Executive Office for Immigration Review (EOIR).

> (i)   The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6). However, in the instant action, the 90 day removal period has yet to begin. Because petitioner has filed an appeal to the Board of Immigration Appeals, which is still pending, the 90 day removal period will not commence until the appeal is concluded. Thus, petitioner's request for release is prematurely before the Court.

Moreover, to the extent that petitioner challenges the constitutionality of 8 U.S.C. § 1226(c)(1)(B), which instructs the Attorney General to take into custody and detain any alien who, like petitioner, is deportable by reason of having committed any offense covered in section 8 U.S.C.

7

1227(a)(2)(A)(ii),(A)(iii), (B), (C), or (D), while removal proceedings are pending, in Demore v. Hyung Joon Kim, 538 U.S. 510 (2003), the Supreme Court found that mandatory pre-order detention under § 1226(c) does not violate the protections guaranteed under the Constitution.   In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. See id at 524-529.

As in Demore, removal proceedings against petitioner are still pending.   Therefore, his detention is both mandatory and constitutionally permissible. Accordingly, the petition for writ of habeas corpus will be denied.

**IT IS HEREBY ORDERED THAT:**

    1.    The petition for writ of habeas corpus is **DISMISSED** without prejudice as premature.

    2.    The Clerk of Court is directed to **CLOSE** this case.

                s/Malcolm Muir
                MUIR
                United States District Judge